Tohler *v.* Folsom.

---

## Tohler *vs.* Folsom *et al.*

The case of *Hoen* v. *Simmons et al.*, (*ante, p.* 119,) deciding that a verbal contract, of itself alone, was insufficient, under Mexican law, to transfer the title to real estate, affirmed : but where there was a verbal contract of sale *in presenti*, and the title deeds were delivered by the vendor to the vendee, and permission given to the ven- dee to enter upon and take possession of the land, and the vendee did, accordingly, take possession and make valuable improvements on the premises; *Held*, that a specific performance of the verbal contract should be decreed.

Where there has been such a part performance of a verbal contract of sale by the plaintiff, as to put him into a situation, which would operate as a fraud upon him,

unless the verbal agreement should be enforced, a specific performance of the contract will be decreed.

Under a verbal contract of sale of real estate, the delivery of the title deeds is equivalent to a *symbolical* delivery of, and admission into, possession of the property, as between *vendor and vendee*, whatever might be its effect in conferring *actual possession*, in case the rights of *third persons* were concerned.

Where it is apparent that, in case a new trial should be granted, the verdict of the jury must be in favor of the plaintiff, the judgment of the court below in favor of the plaintiff will not be disturbed.

APPEAL from the superior court of the city of San Francisco. The parties agreed to waive a jury trial in the court below, and stipulated that the following facts should be taken as a special verdict, and that the court should render judgment thereon, to be of the same force and effect as if they had been specially found by a jury; viz.:

"That Wm. A. Leidesdorff was in possession of a lot claim-
"ing title thereto situate in the city of San Francisco, and
"known on the official plat of said town as lot No. 94, which
"lot is 50 *varas* square: That about 1st May, 1848, said Leid-
"esdorff bargained and sold said lot to the plaintiff at and for
"the sum of $500, payable in one and two years without secu-
"rity, and that no memorandum or note in writing of said con-
"tract was made, nor any conveyance for said lot executed by
"said Leidesdorff in his lifetime, who was taken sick a day or
"two after said contract was made, and in some seven or eight days
"thereafter died: That said Leidesdorff entered with the plain-
"tiff into the office of the Alcalde of said town talking about title
"papers, and holding in his hands papers having the appear-
"ance of title papers, which he handed to the plaintiff, and, in
"reply to an inquiry made by him the plaintiff, he the said
"Leidesdorff replied he wanted no security, and that he the
"plaintiff might make out the papers as he pleased: That
"the plaintiff then produced from his possession several origi-
"nal deeds; to wit: original grants from Francisco Sanchez,
"Juez de Paz in San Francisco, to Manuel Sanchez, dated 3d
"December 1843—deed from Manuel Sanchez to A. A. An-
"drews dated 8th December 1843—deed from Augustus A.
"Andrews to William A. Leidesdorff, dated 20th December

Tohler v. Folsom.

" 1847, as the deeds above referred to, and proved their due
" execution : That the said Leidesdorff sold said lot to the plain-
" tiff, with a knowledge that he the said plaintiff bought to
" build thereon : That upon said contract he took possession of
" said lot, and proceeded to enclose and improve it, building a
" dwelling and several out-houses thereon at very great cost, the
" plaintiff being and having been ever since uninterruptedly in
" possession : That said Leidesdorff, previously to sale to plain-
" tiff, offered said lot to others at same price, but it was declined,
" because the price was thought too high : That the plaintiff,
" after the death of said Leidesdorff, applied to his administra-
" tor for a title to said lot, supposing in the then unsettled con-
" dition of the law and the country, that he was the proper per-
" son to make a title, more especially as the said Leidesdorff
" died without heirs known to the plaintiff, who refused how-
" ever to give him a title to said lot, although the plaintiff was
" ready and offered to comply with the terms of the contract on
" his part : That the plaintiff thereupon instituted a suit against
" said administrator for a specific execution of said contract in
" the Alcalde's court in and for the city of San Francisco, who
" decreed that he should make the plaintiff a title therefor :
" That the purchase money was duly tendered to said adminis-
" trator, who refused to receive the same, and who continued to
" refuse to make title to said lot to the plaintiff notwithstanding
" the decrees of the said Alcalde."

On the above special verdict, the cause was argued before the
superior court, and judgment was rendered in favor of the
plaintiff. No question was made in the court below or in this
court, whether the defendants were the proper persons to be
made defendants in a suit for specific performance ; but it
seems to have been conceded on both sides that W. D. M.
Howard, one of the defendants, had charge of the estate of
Leidesdorff after his decease, by virtue of some appointment as
administrator made by the Alcalde of San Francisco ; that
Anna Maria Sparks, another of the defendants, was the heir at
law of Leidesdorff, and that Joseph L. Folsom, another of the
defendants, claimed some interest in the lot under Anna Maria

Sparks. No point was made upon any of these questions, and, consequently, neither of them is considered in the opinion of the court. The cause was argued by

*Wm. Smith*, for the plaintiff, and

*A. C. Peachy*, for the defendants.

*By the Court*, BENNETT, J. A verbal contract was entered into between the plaintiff and one Leidesdorff, now deceased, to whose estate the defendants have succeeded, by which Leidesdorff conveyed to the plaintiff a lot of land in the city of San Francisco, and the plaintiff agreed to pay therefor five hundred dollars in equal instalments in one and two years. It was decided in *Hoen* v. *Simmons et al.*, that under Mexican as well as American law, a verbal contract was, of itself alone, insufficient to transfer the title to real estate. That point has again been argued, and we think it entirely clear that the decision in *Hoen* v. *Simmons et al.* was correct. Unless, therefore, there be circumstances in this case which distinguish it from that, the plaintiff cannot recover. There, the defendants, who had filed a cross bill and thereby become actors, claimed that they were entitled to a specific performance of their verbal agreement. It appeared, however, that there was not even a verbal contract of sale *in presenti*, but a contract to convey at a future period, and that that contract was, by the understanding of the parties, to be reduced to writing and signed by them, which was never done. There was no delivery of possession of the land either corporeally or symbolically; the party claiming the specific performance, did not take possession of the land, with the knowledge or consent of the other party, or his agent, or representative, and had entirely neglected to comply, on his part, with the stipulations of the verbal contract so far as the payments were concerned. We thought, he had no right to a specific performance.

In the present case, Leidesdorff, at the time of the verbal contract of sale, delivered to the plaintiff the title deeds of the

lot, and the latter afterwards took actual possession of the land and has made improvements thereon at a cost of several thousand dollars. Before bringing suit, he tendered, and deposited in court, the full amount of the purchase money, and did all that a court of equity would require him to do, in order to enable him to come into court and say, that he had, on his part, done equity ; and although the verbal contract, of itself, be not binding, yet, if the circumstances be such, that a court of equity would decree a specific performance, then the judgment appealed from ought to be affirmed.

In *Hoen* v. *Simmons et al.* the court was asked to decree a specific performance on two grounds ; 1. That the verbal contract was equally valid, as if it had been in writing ; and 2. Admitting the verbal contract to be invalid, that the circumstances were such, that the court ought to decree a specific performance. We decided both points in the negative.

In the present case, the plaintiff prays for a specific performance on the same grounds, upon which it was asked in *Hoen* v. *Simmons et al.;* 1. That his verbal contract was binding ; and 2. That the circumstances give him an equitable claim for the relief prayed. The first point was decided against him in *Hoen* v. *Simmons et al.* ; and, therefore, upon the decision of the last his case must depend.

The question then is, whether the facts of this case be such as, in a court of equity, will entitle him to a specific performance of the verbal contract.

The ground upon which courts of equity interfere in cases of this sort is, that, without such interference, one party would be enabled to practice a fraud upon the other ; and it could never be the intention of the law requiring contracts for the sale of land to be in writing, to enable any party to commit such a fraud with impunity. When one party has executed his part of the agreement in the confidence that the other party would do the same, it is obvious, that if the latter should refuse, it would be a fraud upon the former to suffer this refusal to work to his prejudice. (2 *Story, Eq. Juris. sec.* 759.) The counsel for the appellants seemed to argue this branch of the case upon

the assumption that it was necessary for the plaintiff to establish, that his vendor had been guilty of practising some fraud upon him in the making of the verbal contract. This, however, is not so. The question is, not so much in reference to the original transaction, as to subsequent matters—not so much whether a fraud has been perpetrated, as whether, if the vendor were permitted to deny the sale, such denial would operate so as to enable him to effectuate a fraud.

The question, therefore, in this case, is, whether there has been such a part performance by the plaintiff, as to put him into a situation, which would be a fraud upon him, unless the verbal agreement should be enforced. (*Story, Eq. Juris. sec.* 761.) One case put by Story, (*id. ibid.*,) in which specific performance ought to be decreed, is, where a vendee, upon a parol agreement for a sale of land, should proceed to build a house on the land, in a confidence of the due completion of the contract. In such a case, he says, there would be a manifest fraud upon the party, in permitting the vendor to escape from a due and strict fulfilment of such agreement.

The case before us is the very one put by Judge Story. Here was a verbal contract, clearly established, and not denied, in any respect, by the defendants. The plaintiff was admitted into possession under that contract, and has built houses and made other improvements on the land, with a confidence in the due completion of the contract; and to permit the defendants now to deprive him of the land, and also of his improvements, would, it appears to us, be suffering a manifest fraud to be practiced upon him.

The only serious doubt about this branch of the case is, whether the plaintiff was admitted into possession. One great difficulty, in the way of the recovery in *Hoen* v. *Simmons et al.*, was that it appeared that the party asking specific performance, although he claimed that he had entered under the contract, and had thereby, as we held, precluded himself from contesting the title of the other party, had, nevertheless, taken possession without the knowledge, permission or consent of the adverse party. In this case, there is no doubt that the plaintiff entered under

the contract.   Did he take possession with the consent of his vendor?   We think, that the delivery of the title deeds of the property was equivalent to a delivery of, and admission into, the possession, as between vendor and vendee, whatever might be its effect in conferring *actual possession* in case the rights of third persons were concerned.   Here was the delivery of a sign or symbol, which, as between the parties, was equivalent to a delivery of the possession of land, which was wholly unoccupied.

But the appellants say, that the case agreed upon does not find the delivery of the title deeds.   It is true that it does not state that fact in so many words, but it does state facts which demonstrate to a moral certainty, that the deeds were delivered at the time of the contract.   The inserting of these facts in the statement would be wholly unmeaning, unless it was for the purpose of showing such delivery of the evidences of title. Besides, if it were improper for us to draw such inference from the facts, all we could do would be to remand the cause for a new trial, in which case no jury could avoid finding this very fact from the evidence.   We think it useless to put the parties to the additional trouble and expense of a new trial, when we see clearly that, after perhaps a protracted litigation, the result must be the same as the conclusion to which we have come.

Judgment affirmed.