Yusuf Ali ALI; et al., Petitioners–Appellees,

v.

Michael B. MUKASEY, Attorney General; et al., Respondents–Appellants.

No. 07–35422.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2008.

Filed May 9, 2008.

Thomas L. Boeder, Esq., Nicholas P. Gellert, Esq., Rolf B. Johnson, Esq., Perkins Coie, LLP, Seattle, WA, Christine Stebbins Dahl, Esq., Federal Public Defender's Office, Portland, OR, for Petitioners–Appellees.

Christopher Lee Pickrell, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, Greg D. Mack, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondents–Appellants.

Before: ALARCÓN, GRABER, and RAWLINSON, Circuit Judges.

### MEMORANDUM *

In this matter, the district court assessed a sanction of $1,000 because Respondents filed a brief that exceeded the page limits set forth in Local Rule 7(e)(4). Respondents contend that the district court abused its discretion and violated due process in imposing a monetary sanction without providing them with notice and an opportunity to be heard with regard to the appropriateness of the sanction. We agree.

In the absence of extraordinary circumstances, the imposition of a monetary sanction for a violation of a local rule without notice and an opportunity to be heard is a violation of the Due Process Clause. *Miranda v. S. Pac. Transp. Co.,* 710 F.2d 516, 519–23 (9th Cir.1983). No extraordinary circumstances excused the notice and hearing requirements here, so we must reverse and remand. *Id.* At a hearing on remand, the district court can determine whether the sanctioned party's conduct amounted to "recklessness, gross negligence, repeated—although unintentional—flouting of court rules, or willful miscon-duct before approving the imposition of monetary sanctions under local rules." *Zambrano v. City of Tustin,* 885 F.2d 1473, 1480 (9th Cir.1989) (footnotes omitted).

We VACATE the order imposing sanctions and REMAND with instruction that the district court conduct a hearing to determine whether it should rescind the sanction or reimpose it, while articulating its reasons.

The parties shall bear their own costs on appeal.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

