**James Henry WASHBURN, Jr., Plaintiff–Appellee,**

v.

**Paulo MORGADO, San Francisco Police Officer (# 466); Erik Whitney, San Francisco Police Officer (# 4045); Michael Madrieres, San Francisco Police Officer (# 97); John Broucaret, San Francisco Police Officer (# 405); Dorree Donnelly, San Francisco Police Officer (# 123); City and County of San Francisco, Defendants–Appellants.**

No. 05–17069.

United States Court of Appeals, Ninth Circuit.

Submitted May 4, 2009.*

Filed May 26, 2009.

R.App. P. 34(a)(2).

Dennis Cunningham, Esq., San Francisco, CA, Benjamin T. Rosenfeld, Esq., Law Office of Dennis Cunningham, San Francisco, CA, for Plaintiff-Appellee.

Joanne Hoeper, Sean Connolly, San Francisco City Attorney's Office, San Francisco, CA, for Defendants-Appellants.

Before HUG, HAWKINS and TALLMAN, Circuit Judges.

### MEMORANDUM **

The City and County of San Francisco (collectively the "City") appeal the district court's imposition of nominal sanctions against the City and two deputy city attorneys for a violation of the court's standing orders. Additionally, Ben Rosenfeld ("Rosenfeld"), the attorney for James Henry Washburn, attempts to join the City's appeal and seeks reversal of the district court's identical monetary sanction upon him. We have jurisdiction under 28 U.S.C. § 1291 to review the City's claim, and we affirm the district court's sanctions order as it pertains to the City and the deputy city attorneys. However, we lack jurisdiction to adjudicate Rosenfeld's claim because he failed to timely file his cross-appeal, and we therefore dismiss it.

We may review sanctions imposed by the district court once a final decision is entered in the case below. *Cunningham v. Hamilton County*, 527 U.S. 198, 200, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999). If one party timely files an appeal, another party has fourteen days to file notice of an additional appeal. Fed. R.App. P. 4(a)(3). Here, Rosenfeld needed to file notice of his intent to join the City's appeal within four-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36–3.

teen days, which would have been November 4, 2005. He did not do so, and instead argues that we should waive the notice requirement under Federal Rule of Appellate Procedure 2.

Rule 2 allows us to "suspend any provision of the[ ] rules in a particular case and order proceedings as [we direct]." Fed. R.App. P. 2. However, Rosenfeld finds no support for extending time to appeal within Rule 2. That authority is explicitly limited by Rule 26(b), which in pertinent part states that the time to file a notice of appeal may not be extended, unless such an extension is authorized under Federal Rule of Appellate Procedure 4. Fed. R.App. P. 26(b)(1). While Rule 4 allows for extensions of time to file a notice of appeal, a party must (1) request the extension, and (2) file its request no later than thirty days after the time prescribed in Rule 4(a) has expired. Fed. R.App. P. 4(a)(5). As Rosenfeld did neither, and failed to ever file any notice of appeal, we lack jurisdiction to consider his arguments. *See United States v. Sadler*, 480 F.3d 932, 937 (9th Cir.2007) (stating that the Rule 4(a) time limit for the filing of appeals in civil cases "*is* both mandatory and jurisdictional"); *see also Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1063 (9th Cir.2002).

■ We also hold that the district court did not abuse its discretion in imposing $250 sanctions on the City's attorneys and ordering the City to remind its litigators that strict compliance with rules is mandatory. The City makes two arguments. First, it insists that Judge White imposed sanctions in violation of due process, by neither notifying the parties that he intended to impose sanctions, nor giving them ample opportunity to explain their failures. Second, it contends that, even if the due process requirements were met, Judge White failed to make an express finding of bad faith.

"Whenever the district court imposes sanctions on an attorney, it must at a minimum, afford the attorney notice and an opportunity to be heard." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1198 (9th Cir.1999). The purpose of the hearing is to ensure that (1) the attorneys have an opportunity to both prepare a defense to the claims and to explain the conduct in question at a formal hearing; (2) the court has time to consider the severity and propriety of the proposed sanction in light of the attorneys' explanation; and (3) the facts supporting the sanction appear within the record, facilitating appellate review of any sanction imposed. *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 522–23 (9th Cir.1983).

Here, both parties wrote letters to Judge White informing him that they had been unable to meet the court's pretrial scheduling deadlines. He issued a written order stating that their final pretrial conference was cancelled and, in its place, the court would conduct a status conference. He admonished the parties to consider their failure to follow court rules and be prepared to discuss rescheduling. He gave each side ample time to address the matter during the in-court status conference, after which he found, both orally and in writing, that all attorneys litigating this contentious civil-rights case had (1) failed to follow previously set discovery schedules; (2) engaged in "self-help" and conducted additional discovery outside the court-ordered schedules, without availing themselves of proper assistance from the court; (3) failed to timely file fully compliant pretrial statements, voir dire, jury instructions, stipulated facts, exhibit lists, witness lists, expert witness reports, and motions in limine; and (4) then commenced improper ex-parte communication with the court by submitting letters in lieu of a motion or formal requests for a hearing in violation of the court's standing

orders. Judge White provided the attorneys sufficient opportunity to explain their shortcomings and then reevaluated all arguments after the City filed its motion to reconsider. There was no due process violation on this record.

Second, the City argues that, because the district court imposed sanctions under its inherent powers, it needed to make a finding that the City acted in bad faith. We have repeatedly said that because "inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion," and, therefore, any sanction under this power must be accompanied by a finding of bad faith. *Zambrano v. City of Tustin,* 885 F.2d 1473, 1478 (9th Cir.1989) (internal quotation marks and citation omitted). However, we have also noted that sanctions for failure to comply with the Federal Rules of Civil Procedure or a district court's local rules are statutorily grounded and do not require an express bad-faith determination. *Id.* at 1480; *see* Fed. R.Civ.P. 16(f)(1)(B) & (C). Instead, "courts have required conduct amounting to recklessness, gross negligence, repeated—although unintentional—flouting of court rules, or willful misconduct before approving the imposition of monetary sanctions under local rules." *Zambrano,* 885 F.2d at 1480 (footnotes omitted). Because, following its hearing, the district court properly found that the City continually disregarded the case management rules of the court and was grossly negligent in complying with discovery orders, we affirm the imposition of sanctions upon its attorneys.

**DISMISSED IN PART, AFFIRMED IN PART.** Each party to bear its own costs on appeal.